IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 23-cr-00427-PAB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. DEVON DOUGLAS COLLINS,

 Defendant.

## ORDER

  This matter comes before the Court on defendant Devon Collins' Motion to Dismiss for Violation of Constitutional Right to Speedy Trial [Docket No. 40]. On January 20, 2025, the government filed a response. Docket No. 41.

### I. BACKGROUND

  On September 14, 2023, Mr. Collins failed to appear in two state criminal cases, Case Nos. 2023CR001219 and 2023CR00159, in Pueblo County, Colorado. Docket No. 40-1 at 2; Docket No. 40-3 at 2. In Case No. 2023CR001219, Mr. Collins was charged with possession of a weapon, vehicular eluding, theft, reckless driving, and other traffic violations. Docket No. 40 at 2. In Case No. 2023CR00159, Mr. Collins was charged with failure to register as a sex offender. *Id*. On September 18, 2023, Mr. Collins failed to appear in another state criminal case in Pueblo County, Case No. 2022M001691, where Mr. Collins was charged with failure to register as a sex offender. *Id*. Mr. Collins also had another active state criminal case at the time, Case

No. 23CR001269, where Mr. Collins was charged with possession of a weapon, motor vehicle theft, and possession of a controlled substance. *Id*. State arrest warrants for Mr. Collins were issued. Docket No. 40-1 at 2; Docket No. 40-3 at 2; Docket No. 40-4 at 1. On October 5, 2023, the grand jury in this case returned an indictment charging Mr. Collins with one count of violating 18 U.S.C. § 922(g)(1). Docket No. 1 at 1. A warrant for Mr. Collins's arrest was issued the same day. Docket No. 2.

On December 28, 2023, state authorities arrested Mr. Collins. Docket No. 40-1 at 2; Docket No. 40-3 at 2; Docket No. 40-4 at 1. Mr. Collins attempted to post bond in state court, but was advised that he would not be released due to the federal detainer.[1] Docket No. 40 at 2. The Assistant United States Attorney assigned to the case reached out to the state prosecutor on Mr. Collins's cases to determine whether it was appropriate to writ Mr. Collins into federal custody. Docket No. 41 at 2. On February 12, 2024, the state prosecutor informed the government that the state was working on a resolution of Mr. Collins's state cases. *Id*. The state prosecutor advised the government that it "might be best to handle the state cases first prior to [Mr. Collins] going into federal custody and bouncing back and forth." *Id*. The prosecutor also stated that Case No. 2023CR001219 had been dismissed.[2] *Id*. On April 26, 2024, the state

---

[1] The Court notes, however, that, when Mr. Collins appeared in federal court on a writ from state confinement, he did not present evidence or argument in support of his release. Docket No. 16 at 2. Furthermore, Mr. Collins's counsel represented that Mr. Collins preferred to stay in federal custody rather than be released and sent back to state custody, *id*., which is inconsistent with an ability to post his state bonds.

[2] The state court docket indicates that Case No. 2023CR001269 was dismissed on October 4, 2024, not on February 12, 2024, as the government represents. Docket No. 40-5 at 1. However, Case No. 2023CR001219 was dismissed on February 12, 2024. Docket No. 40-1 at 2. Furthermore, Mr. Collins states that the "overlapping state prosecution," Case No. 2023CR001219, was dismissed on February 12, 2024. Docket

prosecutor informed the government that plea negotiations were not progressing. *Id*. On May 9, 2024, the federal court issued a Writ of Habeas Corpus ad Prosequendum that required Pueblo County Jail to produce Mr. Collins before a United States Magistrate Judge for Mr. Collins's initial appearance. Docket No. 4 at 1–2. Mr. Collins made his initial appearance in federal court on May 14, 2024. Docket No. 9.

On May 16, 2024, the Court scheduled Mr. Collins's trial to begin on July 22, 2024. Docket No. 17. On June 22, 2024, Mr. Collins's filed a motion to exclude ninety days from the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), and to continue his trial. Docket No. 28. On July 8, 2024, the Court granted Mr. Collins's motion and reset the trial for November 4, 2024. Docket No. 29. On September 12, 2024, Mr. Collins moved to exclude sixty days from the speedy trial period. Docket No. 30. The Court granted the motion, resetting the trial for December 30, 2024. Docket No. 31. On November 8, 2024, Mr. Collins moved to exclude an additional sixty days from the speedy trial period. Docket No. 37. The Court granted the motion, resetting the trial for March 3, 2025. Docket No. 39.

## II. LEGAL STANDARD

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "[A]lthough the right is somewhat amorphous, the remedy is severe: dismissal of the indictment." *United States v. Seltzer*, 595 F.3d 1170, 1175 (10th Cir. 2010). In *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972), the Supreme Court discussed a four-part inquiry to determine

---

No. 40 at 9. The Court assumes that the state case which overlapped with Mr. Collins's federal case was Case No. 2023CR001219, not Case No. 2023CR001269.

whether a delay in trying a defendant violates a defendant's constitutional right to a speedy trial. The delay period starts when the defendant is indicted or arrested, whichever comes first. *United States v. Nixon*, 919 F.3d 1265, 1269 (10th Cir. 2019).

"Courts applying the *Barker* test must balance the following factors: '(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant.'" *United States v. Margheim*, 770 F. 3d 1312, 1325-26 (10th Cir. 2014) (quoting *United States v. Yehling*, 456 F.3d 1236, 1243 (10th Cir. 2006)). The first factor serves as a triggering mechanism to determine whether a court needs to evaluate the remaining factors. *Id*. at 1326. If the length of the delay is long enough to be considered "presumptively prejudicial," *Yehling*, 456 F.3d at 1243, a court must then evaluate the other three factors. Delays approaching one year generally satisfy the requirement of presumptive prejudice. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992); *Jackson v. Ray*, 390 F.3d 1254, 1261 (10th Cir. 2004); *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006); *Margheim*, 770 F.3d at 1326.

III. ANALYSIS

    *1. Length of the Delay*

Mr. Collins argues that the length of delay, spanning fifteen months from the date of his October 5, 2023 indictment, is presumptively prejudicial such that the Court must analyze the remaining *Barker* factors.[3] Docket No. 40 at 7. Mr. Collins argues that the "straightforward and simple" nature of the charge against him means that the delay was further unreasonable. *Id*. The government concedes that the length of delay is

---

[3] Mr. Collins does not argue that his rights were violated under the Speedy Trial Act. Rather, his motion is based on an alleged Sixth Amendment violation. *See generally* Docket No. 40.

presumptively prejudicial since fifteen months have passed between the time of the indictment and the filing of Mr. Collins's motion, but notes that Mr. Collins "*requested* 7 months of delays." Docket No. 41 at 3. The Court finds that the fifteen-month delay warrants consideration of the remaining *Barker* factors.

### 2. Reason for the Delay

Mr. Collins argues that the reason for the delay weighs in his favor. Docket No. 40 at 8–10. Mr. Collins claims that the government's seven-month delay between indicting Mr. Collins and arranging his initial appearance was not justifiable as his state cases were unrelated to his federal cases. *Id*. at 8. Mr. Collins further notes that the "simplicity of Mr. Collins' federal charge demonstrates the relatively light burden that proceeding would have imposed."[4] *Id*. at 10.

The government responds that the reason for the delay should be analyzed in the context of "three discrete periods of delay:" (1) the time between Mr. Collins's indictment in October 2023 and arrest in December 2023; (2) the time between Mr. Collins's arrest in December 2023 and initial appearance in this case in May 2024; and (3) the time from Mr. Collins's initial appearance in this case to the filing of his motion to dismiss. Docket No. 41 at 5. The government attributes the first period of delay to Mr. Collins because he failed to appear in several state cases and was not arrested until December 28, 2023. *Id*. The government argues that it had a justifiable reason for the second period of delay because the government had a "reasonable belief that the Defendant was going to potentially resolve his state cases prior to commencing his

---

[4] However, Mr. Collins's first motion for exclusion of time under the Speedy Trial Act, states that "this case may not be a routine 'felon-in-possession' case." Docket No. 28 at 3.

federal case." *Id*. The government contends that the third period of delay is attributable to motions filed by Mr. Collins. *Id*. at 6–7.

As to the first period of delay, the Court agrees that the delay is attributable to Mr. Collins. Mr. Collins failed to appear in three states cases between September 14 and September 18, 2024. *Id*. at 1. Moreover, the Court credits the government's assertion that it "diligently sought" Mr. Collins's arrest. *Id*. at 5. Mr. Collins does not claim that the government was remiss in searching for Mr. Collins after the arrest warrant was issued. *See generally* Docket No. 40.

The Court attributes the second period of delay to the government. "[A]waiting the completion of another sovereign's prosecution may be a plausible reason for delay in some circumstances, but that does not necessarily mean that it is a justifiable excuse in every case." *Seltzer*, 595 F.3d at 1178. The government has the burden to explain why it was necessary to await the completion of state proceedings before filing the writ. *Id*. Although the state prosecutor suggested that state proceedings occur first, there was no overlap in charges that posed a risk of inconsistent rulings, the logistics of transporting the defendant between Pueblo County and Denver County were not raised, and the government concedes that Mr. Collins's case is "not a complex case standing alone." Docket No. 41 at 6. While the Court attributes the second period of delay to the government, the Court gives this factor minimal weight. The government waited until May 2024 to file the writ based on a representation from the state prosecutor that the state was working on a resolution to Mr. Collins's state cases. *Id*. The state prosecutor told the government that that the state had an interest in handling the state cases prior to Mr. Collins entering federal custody. *Id.* at 2. Once

6

the government learned that attempts to resolve Mr. Collins's states were moving slowly, the government filed the writ to bring him into federal custody.  *Id*.  Moreover, in Mr. Collins's second motion to exclude time, Mr. Collins justified the exclusion of sixty days from the speedy trial period in part on Mr. Collins's desire to negotiate a "potential joint, relatively simultaneous resolution of Mr. Collins's state and federal charges."  Docket No. 30 at 4.  Thus, Mr. Collins himself considered a delay to resolve his state cases to be in his best interest.

As to the third period of delay, the Court attributes the delay to Mr. Collins.  Mr. Collins acknowledges that he filed three motions to exclude time under the Speedy Trial Act that that had the effect of continuing his trial.  Docket No. 40 at 10.  Mr. Collins's first motion resulted in the exclusion of ninety days, Docket No. 28, his second motion resulted in the exclusion of sixty days, Docket No. 30, and his third motion resulted in the exclusion of sixty days.  Docket No. 37.  As a result, Mr. Collins's trial was delayed from July 22, 2024 to March 3, 2025, a period of approximately seven months.

The first and third periods of delay are attributed to Mr. Collins while the second period of delay is attributed to the government.  The majority of the delay is therefore attributed to Mr. Collins.  Accordingly, the Court finds that this factor weighs against Mr. Collins.

### 3. Assertion of His Speedy Trial Right

Mr. Collins argues that he asserted his speedy trial right by drafting a pro se motion that he did not file, by raising his speedy trial concerns with his current and prior

counsel, and by raising the issue in his second motion for a continuance.[5]  Docket No. 40 at 11.  The government responds that Mr. Collins has evinced a desire to have his case dismissed due to a speedy trial violation, rather than having a desire for a speedy trial.  Docket No. 41 at 8.  The government notes that Mr. Collins first raised a speedy trial issue in his second motion to exclude time.  *Id.* at 7–8.  The government argues that, at the time Mr. Collins filed his second motion to exclude time, less than a year had passed since Mr. Collins's indictment.  *Id.*.  Therefore, had he filed his speedy trial motion along with his motion to exclude time, Mr. Collins "would have failed to even meet the presumptive prejudice requirement under *Barker*."  *Id*. at 8.

"[T]he ultimate inquiry is whether the defendant's behavior during the course of litigation evinces a desire to go to trial with dispatch."  *United States v. Jumaev*, 20 F.4th 518, 536 (10th Cir. 2021) (citation and internal quotation omitted).  Mr. Collins's first mention of a speedy trial violation was a reference in his second motion to exclude time.  Docket No. 30 at 3.  Ironically, Mr. Collins mentioned the issue, not to urge the Court to avoid delay in trying Mr. Collins, but as one of the reasons to postpone Mr. Collin's November 4, 2024 trial so that Mr. Collins's counsel could investigate and prepare a motion to dismiss on speedy trial grounds.  *Id*.  As the government notes, this demonstrates Mr. Collins's desire to avoid trial due to a speedy trial violation, rather than his desire to have a speedy trial.  Docket No. 41 at 8.  Before mentioning the issue in his motion to exclude time, Mr. Collins did not invoke his speedy trial right.  To the contrary, he twice asked the Court to postpone his trials.  Docket Nos. 28, 30.  Accordingly, the Court finds that this factor weighs against Mr. Collins.

---

[5] The Court gives no weight to unfiled motions or discussions with his attorneys.

### 4. *Prejudice*

Mr. Collins argues that he suffered prejudice from the delay due to his pretrial detention, namely, that appointment of counsel was delayed and his delayed initial appearance "deprived him of a chance to invoke his statutory rights under the speedy trial act an earlier date." Docket No. 40 at 12. The government responds that Mr. Collins has not shown that his statutory rights were violated, that his ability to obtain counsel was delayed, and Mr. Collins's pretrial detention does not demonstrate prejudice. Docket No. 41 at 8–9. Therefore, the government argues that Mr. Collins fails to articulate a "particularized showing of prejudice" as required by *United States v. Hicks*, 779 F.3d 1163, 1169 (10th Cir. 2015). *Id.* at 8.

The Court agrees that Mr. Collins fails to make a particularized showing of prejudice. Mr. Collins does not explain how he was deprived of the ability to invoke his statutory rights to a speedy trial given that he has alleged no violation of his rights under the Speedy Trial Act. *See* Docket No. 40 at 11–12. Mr. Collins also does not explain how "his ability to obtain counsel" was "delayed." *Id.* Furthermore, the fact that Mr. Collins was detained during the delay does not, by itself, demonstrate prejudice. *See United States v. Garcia,* 59 F.4th 1059, 1071 (10th Cir. 2023) ("[P]retrial detainment alone (that is not presumptively extreme) is insufficient proof of prejudice. Under these circumstances, without evidence that the defense was hindered as a result of the delay, the fourth *Barker* factor simply cannot weigh in Defendant's favor."). Accordingly, the Court finds that this factor does not weigh in favor of Mr. Collins.

Only one of the four *Barker* factors, the length of the delay between Mr. Collins's indictment and filing of his motion, weighs in favor of Mr. Collins. The Court finds that

9

that these three factors outweigh the one factor that weighs in his favor, the length of the delay. The balance of the *Barker* factors shows that Mr. Collins was not deprived of his Sixth Amendment right to a speedy trial. Accordingly, the Court will deny Mr. Collins's motion.

IV. **CONCLUSION**

Therefore, it is

**ORDERED** that Devon Collins' Motion to Dismiss for Violation of Constitutional Right to Speedy Trial [Docket No. 40] is **DENIED.**

DATED January 24, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge